UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                       CASE NO.    6:07-cr-150-Orl-22UAM

IVORY D. DICKERSON

**PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by James R.

Klindt, Acting United States Attorney for the Middle District of Florida, and the

defendant, IVORY D. DICKERSON, and the attorney for the defendant, Joseph Fisher,

mutually agree as follows:

**A.      Particularized Terms**

**1.      Count(s) Pleading To**

The defendant shall enter a plea of guilty to Counts One, Two, and Three

of the Information.  Counts One and Two charge the defendant with manufacture of

child pornography, in violation of 18 U.S.C. § 2251(a).  Count Three charges the

defendant with possession of child pornography, in violation of 18 U.S.C. §§

2252A(a)(5)(B) & (b)(2).

**2.      Minimum and Maximum Penalties**

Counts One and Two are each punishable by a mandatory minimum term

of imprisonment of fifteen years up to a maximum term of imprisonment of thirty years,

a fine of $250,000, a term of supervised release of not less than five years and up to a

Defendant's Initials _ID_

AF Approval 
Chief Approval

maximum term of supervised release of life, and a special assessment of $100 per felony count, said special assessment to be due on the date of sentencing.  Count Three carries a maximum sentence of 10 years imprisonment, a fine of $250,000, a term of supervised release of any term of years, and a special assessment of $100, said special assessment to be due on the date of sentencing.  With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3.      **Elements of the Offense(s)**

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.  The elements of Counts One and Two (18 U.S.C. § 2251(a)) are:

First:      That the Defendant employed, used, persuaded, induced, or enticed or attempted to employ, use, persuade, induce, or entice, a minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct; and

Second:     That the Defendant knew or had reason to know that such visual depiction would be transported in interstate or foreign commerce, or that the visual depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, or that such visual depiction was actually transported in interstate or foreign commerce or mailed.

The elements of Count Three (18 U.S.C. §§ 2252A(a)(5)(B) & (b)(2)) are:

First:      That the Defendant knowingly possessed an item or items of child pornography, as charged;

Defendant's Initials _____      2      ᛪ Chief Approval  _____

<u>Second</u>:            That such item of child pornography had been transported, shipped, or mailed in interstate or foreign commerce including by computer, as charged; and

<u>Third</u>:            That at the time of such possession the Defendant believed that such item constituted or contained child pornography, as hereafter defined.

4.      **Indictment Waiver**

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

5.      **No Further Charges**

If the Court accepts this plea agreement, the United States Attorney's Offices for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6.      **Mandatory Restitution to Victim of Offense of Conviction**

Pursuant to 18 U.S.C. §§ 2259, 3663, and 3663A, defendant agrees to make full restitution to any victim harmed as a result of a commission of an offense under Chapter 110 committed by the defendant.

7.      **Guidelines Sentence**

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to

Defendant's Initials _TP_                     3                     D Chief Approval _JRG_

recommend in this plea agreement.  The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

8. **Acceptance of Responsibility - Three Levels**

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b), the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level.  The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

Defendant's Initials _____        4        _D_ Chief Approval _____

9.     **Concurrent Sentences**

Pursuant to 18 U.S.C. § 3584, at the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that any sentence that is imposed be allowed to run concurrently with sentence that the defendant is expected to receive in <u>United States v. Ivory D. Dickerson</u>, Case No. 6:06-cr-238-Orl-22UAM, in the United States District Court for the Middle District of Florida.

10.     **Cooperation - Substantial Assistance to be Considered**

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require.  If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both.  If the cooperation is completed

Defendant's Initials ___D___                    5                    D Chief Approval ___ARG___

subsequent to sentencing, the government agrees to consider whether such

cooperation qualifies as "substantial assistance" in accordance with the policy of the

United States Attorney for the Middle District of Florida, warranting the filing of a motion

for a reduction of sentence within one year of the imposition of sentence pursuant to

Fed. R. Crim. P. 35(b).  In any case, the defendant understands that the determination

as to whether "substantial assistance" has been provided or what type of motion related

thereto will be filed, if any, rests solely with the United States Attorney for the Middle

District of Florida, and the defendant agrees that defendant cannot and will not

challenge that determination, whether by appeal, collateral attack, or otherwise.

11.    **Use of Information - Section 1B1.8**

Pursuant to USSG §1B1.8(a), the United States agrees that no self-

incriminating information which the defendant may provide during the course of

defendant's cooperation and pursuant to this agreement shall be used in determining

the applicable sentencing guideline range, subject to the restrictions and limitations set

forth in USSG §1B1.8(b).

12.    **Cooperation - Responsibilities of Parties**

a.    The government will make known to the Court and other relevant

authorities the nature and extent of defendant's cooperation and any other mitigating

circumstances indicative of the defendant's rehabilitative intent by assuming the

fundamental civic duty of reporting crime.  However, the defendant understands that the

government can make no representation that the Court will impose a lesser sentence

solely on account of, or in consideration of, such cooperation.

Defendant's Initials ___JD___          6          ▽ Chief Approval ___JRG___



b.      It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1)      The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)      The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement.  With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges

which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)     The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)     The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)     The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

### 13.   **Forfeiture of Assets**

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees.  The assets to be forfeited specifically include, but are not limited to, the following: a sum of money

Defendant's Initials ___JD___                    8                    ▽ Chief Approval ___PRG___

totaling $15,000 and the following items that were seized from the defendant's residence on November 21, 2006: a Sony Vaio desktop computer, a 250 GB external hard drive, mini video cassettes, zip disks, two memory cards, compact disks, DVDs, floppy disks, and any visual depiction described in section 2251, 2251A, or 2252 of chapter 110 of Title 18 of the United States Code that is stored on any item that was seized from the defendant. With respect to the payment of $15,000, the defendant agrees and consents to the forfeiture of $15,000 in United States currency with that amount to be paid to the United States by an official check made payable to the United States by September 15, 2007. The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant also hereby agrees that the forfeiture described herein is not excessive and, in any event, the defendant waives any constitutional claims that the defendant may have that the forfeiture constitutes an excessive fine.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to the provisions of Rule 32.2(b)(1), the United States and the defendant request that at the time of accepting this plea agreement, the court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offense(s) to which defendant is pleading guilty and enter a preliminary order of forfeiture. Pursuant to Rule 32.2(b)(3), the defendant agrees that the preliminary order of forfeiture shall be final as to the defendant at the time it is entered, notwithstanding the requirement that it be made a part of the sentence and be included in the judgment.

Defendant's Initials _AP_     9     D Chief Approval _PRG_

The defendant agrees to forfeit all interests in the properties described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Defendant further agrees to take all steps necessary to locate property and to pass title to the United States before the defendant's sentencing. To that end, defendant agrees to fully assist the government in the recovery and return to the United States of any assets, or portions thereof, as described above wherever located. The defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control and those which are held or controlled by a nominee. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.

The defendant agrees that the United States is not limited to forfeiture of the property described above. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. This Court shall retain jurisdiction to settle any disputes arising from application of this

Defendant's Initials __JD__          10          Ɗ Chief Approval __DRG__

clause.  The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

**14.     Abandonment of Property - Computer Equipment**

The United States of America and defendant hereby agree that any computer equipment as defined in Title18, United States Code, Section 2256, seized from the defendant and currently in the custody and/or control of the Federal Bureau of Investigation or other appropriate agency, were properly seized and are subject to forfeiture to the government according to Title18, United States Code, Sections 2253 or 2254, and/or that the computer equipment and peripherals constitute evidence, contraband, or fruits of the crime for which he/she has pled guilty.  As such, defendant hereby relinquishes all claim, title and interest he/she has in the computer equipment and peripherals to the United States of America with the understanding and consent that the Court, upon approval of this agreement, hereby directs the Federal Bureau of Investigation, or other appropriate agency, to cause the computer equipment described above to be destroyed forthwith without further obligation or duty whatsoever owing to defendant or any other person.

As part of the plea agreement in this case, defendant hereby states under penalty of perjury that he/she is the sole and rightful owner of the property, and that defendant hereby voluntarily abandons all right and claim to and consents to the destruction of: a Sony Vaio desktop computer, a 250 GB external hard drive, mini video

Defendant's Initials _____        11        Chief Approval _____

cassettes, zip disks, two memory cards, compact disks, DVDs, floppy disks, and any visual depiction described in section 2251, 2251A, or 2252 of chapter 110 of Title 18 of the United States Code that is stored on any item that was seized from the defendant.

**B.** **Standard Terms and Conditions**

    **1.** **Restitution, Special Assessment and Fine**

        The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987) or § 3579, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

    **2.** **Supervised Release**

        The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

Defendant's Initials _____ 12    Chief Approval _____ 

3.     **Sentencing Information**

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition.  The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office or any victim named in an order of restitution, or any other source, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

4.     **Sentencing Recommendations**

It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a

Defendant's Initials __JP__                         13                 D Chief Approval __PRG__

decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

**5.      Defendant's Waiver of Right to Appeal and
         <u>Right to Collaterally Challenge the Sentence</u>**

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the

Defendant's Initials _____          14          Chief Approval 

Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

**6.**    **Middle District of Florida Agreement**

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

**7.**    **Filing of Agreement**

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

**8.**    **Voluntariness**

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction

with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.  The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9.   **Factual Basis**

Defendant is pleading guilty because defendant is in fact guilty.  The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:

Defendant's Initials ⎽⎽J⎽D⎽⎽           16           ⎞ Chief Approval ⎽⎽ARG⎽⎽

## FACTS

At all times relevant to this case, IVORY D. DICKERSON was a resident of the Middle District of North Carolina.  On November 21, 2006, based on information that was developed during an investigation conducted by the Federal Bureau of Investigation, a federal search warrant was executed at DICKERSON's residence located at 144 Cardinal Drive, Seven Lakes, NC 27376.   Seized during the search was a Sony Vaio desktop computer, a 250 GB external hard drive, mini video cassettes, zip disks, two memory cards, compact disks, DVDs, floppy disks, and various other items. In the course of examining those items, investigators found files on DICKERSON's external hard drive of child pornography that was manufactured by him.  In particular, DICKERSON's external hard drive had files on it related to a female minor victim (who was between 12 and 16 at the time of the incident and who will be hereinafter referred to as the "victim") who engaged in a pattern of sexually explicit conduct with DICKERSON.  In total, there were fifty-seven (57) images and six (6) video/movie files of DICKERSON engaged in sexually explicit conduct with the victim.  The dates that DICKERSON produced the images and the video/movie files ranged from December 13, 2004 through June 12, 2005.

The first time DICKERSON manufactured child pornography with the victim was on or about December 13, 2004.  On that date, DICKERSON produced forty-five (45) images and three (3) video/movie files.  Some of these images show the victim unclothed on a hotel/motel bed with the focus of the images being her anus and vaginal area.  Other of the images show the victim performing oral sex on DICKERSON, and some of the images and one of the videos contain bestiality with the victim and a dog.

Defendant's Initials __ID__              17              Chief Approval __SRG__

As for the movie/video files manufactured by DICKERSON, one of the videos shows the victim performing oral sex on DICKERSON, while another involves graphic lascivious exhibition of the genitals and pubic area of the victim.

On June 14, 2005, DICKERSON manufactured nine (9) additional images of sexually explicit conduct involving the victim. These images show the victim unclothed on a hotel/motel bed with the focus of the image being her anus and vaginal area. In addition, DICKERSON manufactured other movie/video files involving sexually explicit conduct with the victim. One video shows DICKERSON engaged in anal sex with the victim. The other shows the victim engaged in bestiality.

During the execution of the search warrant, investigators found two of the original video tapes that had been used by DICKERSON to manufacture child pornography. Those tapes were labeled with the first name of the victim and the numbers "1" and "2." These tapes contain the original footage of sexually explicit conduct involving the victim described above that was found on DICKERSON's external hard drive. In addition, the tapes contain additional footage of DICKERSON engaged in other sexually explicit conduct with the victim, including penile vaginal penetration.

On April 17, 2007, the victim identified DICKERSON in a photo lineup. During an interview with the victim, she, among other things, stated that DICKERSON had sent one of the aforementioned movie/video files to her by electronic mail. The victim further stated that she had met DICKERSON during communications she had with him over the Internet  and that the activities described above took place in Guilford County in the Middle District of North Carolina.

Defendant's Initials _JD_          18           Chief Approval _RG_

The child pornography manufactured by DICKERSON was produced using an external hard drive and video tapes that had been mailed, shipped, or transported in interstate or foreign commerce by virtue of the fact that those items were manufactured outside the state of North Carolina.  In addition, DICKERSON knew or had reason to know that the visual depictions that he was producing involving the victim would be transported in interstate or foreign commerce, and, in fact, at least one of the visual depictions was transported in interstate commerce by an e-mail that DICKERSON sent in interstate commerce (by virtue of the fact that it was routed through an out-of-state server) to the victim with one of the movie/video files that he had produced of her engaged in sexually explicit conduct.

In addition to manufacturing child pornography, DICKERSON collected and possessed images of child pornography.  To date, investigators have found over 100,000 images of child pornography on DICKERSON's external hard drive, including 380 images of the "Mar" series.  The "Mar" series involves images that show a five year old victim caged in a steel dog cage with the words "cut me", "slut" and 'hurt me"  written on the victim's body while she is being sexually abused.  The dates of DICKERSON's child pornography collection range from August 18, 1998 until the date of the execution of the search warrant.

In total, DICKERSON possessed more than 600 separate and distinct images of child pornography as that term is described in 18 U.S.C. § 2256(8)(A) & (C), including at least one image of an identifiable prepubescent minor or an identifiable minor under the age of 12 years old engaged in sexually explicit conduct and at least one image that portrays sadistic or masochistic conduct or other depictions of violence as those terms

are defined in the United States Sentencing Guidelines.  The more than 600 images of
child pornography stored on DICKERSON's external hard drive include images that
were transported or shipped in interstate or foreign commerce by computer by virtue of
the fact that some of the images were manufactured outside of North Carolina or were
obtained by DICKERSON through interstate communications over the Internet.
DICKERSON knowingly possessed the images of child pornography in ~~Monroe~~ Moore County
in the Middle District of North Carolina.  At the time that DICKERSON possessed the
images of child pornography, he believed that those images constituted or contained
child pornography, because, among other reasons, some of the children depicted in the
images were younger than twelve years old.

In sum, DICKERSON agrees and acknowledges, for purposes of calculating the
offense level in this case for his offense and relevant conduct pursuant to the federal
sentencing guidelines, that the offense involved a minor who had attained the age of
twelve years but had not attained the age of sixteen years (for purposes of application
of U.S.S.G. § 2G2.1(b)(1)(B)); that the offense involved the commission of a sexual act
or sexual contact (for purposes of application of U.S.S.G. § 2G2.1(b)(2)(A)); that the
offense involved distribution (for purposes of application of U.S.S.G. § 2G2.1(b)(3));
that the offense involved material that portrays sadistic or masochistic conduct or other
depictions of violence (for purposes of application of U.S.S.G. § 2G2.1(b)(4)); and that
the offense involved the use of a computer or an interactive computer service to
(i) persuade, induce, entice, or facilitate the travel of, a minor to engage in sexually
explicit conduct or (ii) solicit participation with a minor in sexually explicit conduct (for
purposes of application of U.S.S.G. § 2G2.1(b)(6)(B)).  In addition, DICKERSON agrees

Defendant's Initials _____          20          Chief Approval _____

and consents to the forfeiture of the items that were seized from his residence on November 21, 2006 and to the payment of a sum of money of $15,000 as detailed above.

### 10.   Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

### 11.   Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this __13__ day of __SEPTEMBER__, 2007.


_____
IVORY D. DICKERSON
Defendant


_____
Joseph Fisher
Attorney for Defendant


JAMES R. KLINDT
Acting United States Attorney

By: _____
Roger B. Handberg
Assistant United States Attorney


_____
I. Randall Gold  for
Assistant United States Attorney
Deputy Chief, Orlando Division