UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

-vs-

IVORY D. DICKERSON

Case Number: 6:06-CR-238-ORL-22UAM
6:07-CR-150-ORL-22UAM

USM Number: 23557-057

Harrison T. Slaughter, Jr., Retained
Leventhal & Slaughter
111 N. Orange Ave., Suite 700
Orlando, FL 32801

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts 1s, 2s and 3s of the Superseding Information in case 6:06-CR-238-ORL-22UAM and Counts 1, 2 and 3 of the Information in case 6:07-CR-150-ORL-22UAM. Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| **6:06-CR-238-ORL-22UAM** | | | |
| Title 18 U.S.C. § 2251(a) and (e) | Conspiracy to Entice a Minor to Engage in Sexually Explicit Conduct for the Purpose of Manufacturing Child Pornography. | November 2006 | One |
| 18 U.S.C. §§ 1030(a)(2))C), (b) and (c)(2)(B)(ii) | Fraudulent Activity Connected with Computers for the Purpose of Producing Visual Depictions of a Minor Engaged in Sexually Explicit Conduct | November 4, 2005 | Two |
| | | November 8, 2005 | Three |
| **6:07-CR-150-ORL-22UAM** | | | |
| 18 U.S.C § 2251(a) and (e). | Enticing a Minor to Engage in Sexually Explicit Conduct for the Purpose of Manufacturing Child Pornography. | December 13, 2004 | One |
| | | June 14, 2005 | Two |
| 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). | Possession of Child Pornography. | November 21, 2006 | Three |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

AO 245B (Rev. 6/05) Judgment in a Criminal Case

IVORY D. DICKERSON
6:06-CR-238-ORL-22UAM
6:07-CR-150-ORL-22UAM

If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

11/30/2007

*[signature]*
ANNE C. CONWAY
UNITED STATES DISTRICT JUDGE

December 10, 2007

IVORY D. DICKERSON  Page 3 of 6
6:06-CR-238-ORL-22UAM
6:07-CR-150-ORL-22UAM

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **1320 Months**. This term consists of terms of, **360 Months** as to each of Counts One and Two, and **120 Months** on Count Three in case 6:07-CR-150-Orl-22UAM and **360 Months** as to Count One, and **60 Months** as to each of Counts Two and Three, in case 6:06-CR-238-Orl-22UAM. All such terms to run consecutive.

The Court recommends to the Bureau of Prisons that the defendant be placed at the Butner facility in North Carolina.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

AO 245B (Rev. 6/05) Judgment in a Criminal Case

IVORY D. DICKERSON  
6:06-CR-238-ORL-22UAM  
6:07-CR-150-ORL-22UAM

Page 4 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Life**. This term shall consist of terms of **Life** on all Counts in case 6:07-CR-150-Orl-22UAM and **Life** on Count One and **Three Years** on each of Counts Two and Three in case 6:06-CR-238-Orl-22UAM. All such terms to run concurrent. The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The mandatory drug testing requirement of the Violent Crime Control Act are waived. However, the Court orders the defendant to submit to random drug not to exceed 104 tests per year.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

AO 245B (Rev. 6/05) Judgment in a Criminal Case

11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant shall participate in a mental health program specializing in sex offender treatment and submit to polygraph testing for treatment and monitoring purposes. The defendant shall follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of such treatment and /or polygraphs not to exceed an amount determined reasonable by the Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Treatment Services.

2. The defendant shall register with the state sexual offender registration agency(s) in any state where you reside, visit, are employed, carry on a vocation, or are a student, as directed by your probation officer. The probation officer will provide state officials with all information required under Florida sexual predator and sexual offender notification and registration statutes (F.S.943.0435) and/or the Sex Offender Registration and Notification Act (Title I of the Adam Walsh Child Protection and Safety Act of 2006, Public Law 109-248), and may direct you to report to these agencies personally for required additional processing, such as photographing, fingerprinting, and DNA collection.

3. The defendant shall have no direct contact with minors (under the age of 18) without the written approval of the probation officer and shall refrain from entering into any area where children frequently congregate, including: schools, daycare centers, theme parks, playgrounds, etc.

4. The defendant is prohibited from possessing, subscribing to, or viewing, any video, magazine, or literature depicting children in the nude and/or in sexually explicit positions.

5. The defendant shall not possess or use a computer with access to any online service at any location (including employment) without written approval from the probation officer. This includes access through any Internet service provider, bulletin board system, or any public or private computer network system. The defendant shall permit routine inspection of your computer system, hard drives, and other medial storage materials, to confirm adherence to this condition. This inspection shall be no more intrusive than is necessary to ensure compliance with this condition. The defendant shall inform your employer, or other third party who may be impacted by this condition, of this computer-related restriction and the computer inspection provision of the condition.

6. The defendant shall submit to a search of your person, residence, place of business, any storage units under the defendant's control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. You shall inform any other residents that the premises may be subject to a search pursuant to this condition.

7. The defendant shall cooperate in the collection of DNA, as directed by the Probation Officer.

IVORY D. DICKERSON  
6:06-CR-238-ORL-22UAM  
6:07-CR-150-ORL-22UAM

Page 6 of 6

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| **Total Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| $600 Due Immediately | Waived | None |

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

FORFEITURE:   It is further ordered that the defendant shall forfeit to the United States those assets previously identified in the Plea Agreement, to include but not limited to  a sum of money totaling $15, 000 in United States currency, and the following items that were seized from the defendant's residence on November 21, 2006; Sony Vaio desktop computer, a 250 GB external hard drive, mini video cassettes, zip disks, two memory cards, compact disks, DVDs, floppy disks, and any visual depiction described in section 2252, 2252A or 2252 of chapter 110 Title 18 of the United States Code that is stored on any item that was seized from the defendant.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.